E-FILED
Friday, 16 November, 2012  10:16:56 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| DENNIS COLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **Case No. 12-CV-2219** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On August 22, 2012, Petitioner, Dennis Coles, filed a pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).  On September 25, 2012, the Government filed a Motion to Dismiss Petitioner's Motion to Correct Sentence (#4).  On November 13, 2012, Petitioner filed a Reply (#7).  This court agrees with the Government that this court must dismiss Petitioner's Motion (#1) for lack of jurisdiction.  Accordingly, the Government's Motion to Dismiss (#4) is GRANTED.

ANALYSIS

The Government is correct that Petitioner has already filed a Motion under 28 U.S.C. § 2255.  On May 4, 2007, in Case No. 07-CV-2098, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On June 19, 2008, this court entered an Opinion which denied Petitioner's Motion following a thorough discussion of the issues raised by Petitioner and the reasons they were without merit.  Petitioner appealed, and the Seventh Circuit denied his request for a certificate of appealability on December 15, 2008.  On March 5, 2009, the Seventh Circuit denied Petitioner's motions for rehearing and

for rehearing en banc.[1]

In his pro se Motion (#1) in this case, Petitioner has raised issues related to his sentence.  Petitioner's Motion, brought pursuant to § 2255, "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals."  See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007).  Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."  Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255.  Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed.  See Nunez, 96 F.3d at 991.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition

---

[1] Petitioner later filed a Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  This court concluded that the motion was an unauthorized successive attack under § 2255 and dismissed it for lack of jurisdiction.  On appeal, the Seventh Circuit denied a certificate of appealability.

on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added); <u>see also</u> <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009). In the well-reasoned and thorough analysis included in its Motion to Dismiss, the Government has shown that Petitioner's claims are completely devoid of merit. This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Dismiss (#4) is GRANTED. Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence (#1) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this <u>16th</u> day of <u>November</u>, 2012.


s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE